# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| LEE WILSON D/B/A BAIL AMERICA | § | |
| | § | |
| VS. | § | CAUSE NO. 1:18-cv-1113 LY |
| | § | |
| NINA RUSSELL STANFIELD | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 9); Plaintiff's Response (Dkt. No. 11); and Defendants' Reply (Dkt. No. 13). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

Plaintiff Lee Wilson d/b/a Bail America operates a bail bond business in Comal County, Texas. Defendant Nina Russell Stanfield is a member of the Comal County Bail Bond Board ("Board"). The Board is a county entity created by state statute and is responsible for supervising and regulating the bail bond business and enforcing bond rules and statutes. *Pruett v. Harris Cty. Bail Bond Bd.*, 499 F.3d 403, 407 n.1 (5th Cir. 2007), *cert. denied*, 552 U.S. 1181 (2008). Wilson alleges that Stanfield, who is also an operator of a bail bond business in Comal County, abused her position as a member of the Board in attempt to suspend or revoke Wilson's bail bond license in Comal County in order to "remove her largest competitor from the market." Dkt. No. 8 at 2. He alleges that Stanfield filed seven baseless complaints against him accusing him of violating the solicitation and advertising regulations contained in TEX. OCC. CODE § 1704.109. Wilson also alleges that Stanfield manipulated the Board to circumvent due process requirements and repeatedly

put Wilson's license on the Board's Agenda, in an unsuccessful attempt to cause him to lose his license. In this suit, Wilson alleges that Stanfield's attempts to revoke his license violated his due process rights under the Fourth and Fourteenth Amendments. In addition to seeking a permanent injunction to "prevent Defendant Stanfield from engaging in activities in violation of the law or Board rules," Wilson seeks compensatory and punitive damages and attorneys fees.

Stanfield moves to dismiss the suit, contending Wilson lacks standing, his claims are barred by sovereign immunity, and he has failed to state a claim upon which relief may be granted.

## II. STANDARD OF REVIEW

Standing is a matter of subject matter jurisdiction—when a plaintiff lacks standing to bring his case, the court lacks subject matter jurisdiction over the dispute. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction tests the court's statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Yof*, 241 F.3d 420, 424 (5th Cir. 2001).

When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court should address the jurisdictional attack before addressing any attack on the merits. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter. . ."). Accordingly, the Court will first address the issue of whether the Plaintiff has standing to bring this lawsuit. *See Calderon v. Ashmus*, 523 U.S. 740, 745

(1998) ("[We] have decided that we must first address whether this action for a declaratory judgment is the sort of 'Article III' 'case or controversy' to which federal courts are limited.").

### III. ANALYSIS

Under Article III of the Constitution, the federal courts have jurisdiction over a claim between a plaintiff and a defendant only if it presents a "case or controversy." This is a "bedrock requirement." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). The power granted to federal courts under Article III "is not an unconditioned authority to determine the constitutionality of legislative or executive acts." *Valley Forge Christian College v. Americans United For Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). In order to establish a case or controversy sufficient to give a federal court jurisdiction over their claims, a plaintiff must satisfy three criteria. *See Lujan*, 504 U.S. at 560-61. First, the plaintiff must show that he has suffered, or is about to suffer, an "injury in fact." *Id.* Second, "there must be a causal connection between the injury and the conduct complained of." *Id.* Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561(citation omitted). The party invoking federal jurisdiction bears the burden of establishing these elements. *Id.* If any one of these three elements—injury, causation, and redressability—is absent, the plaintiff lacks standing under Article III to assert his or her claim. Here, Stanfield bases her standing argument on the allegation that Wilson has failed to meet the injury in fact and redressability requirements.

The first element of standing requires the plaintiff to show that he has suffered an "injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560. Wilson alleges that Stanfield's attempt to revoke his license violated his due process rights under the Fourteenth Amendment.[1] The

---

[1] Wilson's First Amended Complaint also invokes the Fourth Amendment in the context of his allegations that his procedural due process rights were violated. Because the facts of this case

3

Fourteenth Amendment's Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to "constitutionally adequate procedures." *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541 (1985). Those "constitutionally adequate procedures" require notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). To show that he suffered an injury in fact, Wilson would have to demonstrate that his due process rights were violated in this case. "To bring a procedural due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001). If the plaintiff establishes a deprivation of a property right, then courts look to determine what process was due in the case. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982).

The Court will assume that Wilson has a property interest in his state-issued bondsman license. *See Richards v. City of Columbus*, 1993 WL 413911 at *2 (5th Cir. 1993) ("We assume *arguendo*, as did the district court, that Richards had a property interest in his state-issued bondsman license and that property interest merited due process protection."). But Wilson has failed to allege a due process violation because his pleadings demonstrate that—despite the alleged efforts of Stanfield to the contrary—his license was never revoked. Thus, Wilson cannot allege he was deprived of any property right he has in his license. As Wilson acknowledges in his pleadings, he had a full hearing before the Board on August 31, 2018, and "the complaint was dismissed by the Board." Dkt. No. 8 at ¶ 14. Wilson's bail bond license has not been revoked and he has not been punished by the Board. Accordingly, Wilson has failed to allege a deprivation of a property right, and thus a violation of due process. *See Guiles v. Tarrant Cty. Bail Bond Bd.,* 2011 WL 13183115

---

do not involve a search, seizure, or use of force, however, the Fourth Amendment is not applicable. *See County of Sacramento v. Lewis*, 523 U.S. 833 (1998).

at * 6 (N.D. Tex. Mar. 5, 2011) *aff'd*, 456 F. App'x 485 (5th Cir. 2012); *Castaneda v. Flores*, 2007 WL 2329857 at *4 (S.D. Tex. Aug. 13, 2007). *See also LaCroix v. Marshall Cnty., Mississippi*, 409 F. App'x 794, 804 (5th Cir. 2011) (because county did not deny plaintiffs license tags there was no deprivation of a protected property interest).

In addition to alleging that Stanfield violated his due process rights in the past by filing complaints against him, Wilson also seeks a permanent injunction to "prevent Defendant Stanfield from engaging in activities in violation of the law or Board rules" in the future. "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. *Id.* Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury. *Id.* Wilson's allegations, though troubling, are not enough to create standing for him to seek an injunction for future actions. As the district court in *Guiles* stated: "This Court does not have the power to enjoin the Board from barring [plaintiff's] license in the future because Texas law gives them the authority to suspend [plaintiff's] license should he fail to comply with the bail-bond licensing requirements." *Guiles*, 2011 WL 13183115 at * 4. *See also, CAMP Legal Defense Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1276 (11th Cir. 2006) (concluding that an organization lacked standing to challenge a provision where it "failed to present evidence that it has, or imminently will be, denied a permit"); *Allendale Leasing, Inc. v. Stone*, 614 F. Supp. 1440, 1448 (D.R.I. 1985), *aff'd*, 788 F.2d 830 (1st Cir. 1986).

Even if Wilson had alleged a deprivation of a property right, his procedural due process claim would likely still fail as his allegations show he received adequate process. "The due process clause

5

generally requires notice and a hearing prior to a constitutional deprivation." *Chichakli v. Szubin*, 546 F.3d 315, 317 (5th Cir. 2008). Wilson's First Amended Complaint demonstrates that he received notice of the complaints against him, had a full hearing before the Board and that ultimately all complaints and charges against him were dismissed. Dkt. No 8 at ¶14, 18. This would appear to be the process he was due in this situation. *See Burns v. Harris County Bail Bonds Bd.*, 139 F.3d 513, 521 (5th Cir. 1998); *Tucker v. Caldwell*, 608 F.2d 140, 145 (5th Cir. 1979). Because Wilson has failed to allege an injury in fact, he has failed to establish standing in this case. "All three elements laid out in *Lujan* must be present for a plaintiff to have standing to sue; if a single element is missing, our inquiry has ended and the case must be dismissed." *Sullo & Bobbitt P.L.L.C. v. Abbott*, 536 Fed. App'x 473, 476 (5th Cir. 2013). [2]

## IV. RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 9) for lack of standing and dismiss Plaintiff Lee Wilson d/b/a Bail America's case in its entirety.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except

---

[2] Because Wilson has no standing to bring the suit, the Court does not address the other arguments in the motion to dismiss.

upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 26th day of August, 2019.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE